Elizabeth A. O'Halloran Esq.
Philip B. Condra, Esq.
MILODRAGOVICH, DALE,
STEINBRENNER & NYGREN, P.C.
Attorneys at Law
620 High Park Way
P.O. Box 4947
Missoula, Montana 59806-4947
Telephone: (406) 728-1455
Telefax: (406) 549-7077
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| KIMBERLY SPARKS, JAMES WIEGELE, LISA BUCHANAN, and REBECCA RESNER<br><br>Plaintiffs,<br><br>-vs-<br><br>SPRING CREEK LODGE, INC., and JOHN DOES 1-10,<br><br>Defendants. | Cause No. CV-08-140-M-DWM<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COME NOW the Plaintiffs, by and through undersigned counsel of record, and hereby make the following claims against the Defendant.

**JURISDICTION AND VENUE**

1. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question) and 29 U.S.C. § 216(b). This issue in this litigation arises from whether Defendant violated the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et. seq.*

2. Plaintiffs are not required to exhaust their administrative remedies under the Fair Labor Standards Act. 29 U.S.C. § 216(b).

**COMPLAINT AND DEMAND FOR JURY TRIAL** - Page 1

3. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1). The Defendant's principal place of business is located in this District.

## PARTIES

4. Plaintiffs re-allege and re-state each of the allegations contained in the preceding paragraphs 1 through 3 inclusive.

5. Plaintiffs bring this action to recover from Defendant unpaid overtime compensation and an additional equal amount as liquidated damages, pursuant to 29 U.S.C.A. 216(b) and other provisions of the FLSA, in addition to other state law claims.

6. Plaintiffs are Montana residents who each reside in Thompson Falls, Montana.

7. The Defendant, Spring Creek Lodge, Inc., is a close corporation incorporated under the laws of the State of Montana, with its principal place of business located in Thompson Falls, Montana.

8. At all times herein set forth, Defendant's corporation was an "employer" within the definition of the FLSA, 29 U.S.C.A 203 and Plaintiffs were at all times herein set forth employees within the definitions of that section.

9. At all times herein set forth, the Defendant's corporation was engaged in commerce within the meaning of the FLSA.

10. At all times set forth herein, the Defendant was engaged in business which was a part of and in regular contact with interstate commerce.

11. Defendants JOHN DOES 1-10 are natural persons, partnerships, limited liability companies, or corporations currently unknown to Plaintiffs and may be liable for any and all claims set out below.

## FACTS COMMON TO ALL COUNTS

12. Plaintiffs re-allege and re-state each of the allegations contained in the preceding paragraphs 1 through 11 inclusive.

**COMPLAINT AND DEMAND FOR JURY TRIAL** - Page 2

13.     Spring Creek Lodge, Inc., also operates under the assumed business name "Spring Creek Lodge Academy."

14.     Spring Creek Lodge, Inc., operates as a year round boarding school which is designed to provide a highly structured environment for teenagers.

15.     Spring Creek Lodge, Inc., divides its student groups into "family groups" with each group having a "family representative."

16.     The primary goal of a family representative is to monitor the children in that representative's family group and communicate with the parents of children residing at Spring Creek Lodge Acadamy.

17.     Plaintiff Kimberly Sparks was originally hired by Spring Creek Lodge, Inc., as a family representative.  Sparks was paid a salary each month.

18.     Plaintiff Sparks' job title was changed during her employment to Program Manager.  Sparks was paid a salary each month.

19.     During Sparks employment with Spring Creek Lodge, Inc., Sparks frequently worked in excess of forty (40) hours per week.  Spring Creek Lodge, Inc., did not pay Sparks overtime wages in violation of federal wage and hour laws.

20.     Sparks duties did not meet any *bona fide* exemption from the FLSA.

21.     Plaintiff James Wiegele was hired by Spring Creek Lodge, Inc., as a family representative.  Wiegele was paid a salary each month.

22.     During Wiegele's employment with Spring Creek Lodge, Inc.,, Wiegele frequently worked in excess of forty (40) hours per week.  Spring Creek Lodge, Inc., did not pay Wiegele overtime wages in violation of federal wage and hour laws.

23.     Wiegele's duties did not meet any *bona fide* exemption from the FLSA.

24.     Plaintiff Lisa Buchanan was hired by Spring Creek Lodge, Inc., as a family representative.  Buchanan was paid a salary each month.

25. During Buchanan's employment with Spring Creek Lodge, Inc., Buchanan frequently worked in excess of forty (40) hours per week. Spring Creek Lodge, Inc., did not pay Buchanan overtime wages in violation of federal wage and hour laws.

26. Buchanan's duties did not meet any *bona fide* exemption from the FLSA.

27. Plaintiff Rebecca Resner was hired by Spring Creek Lodge, Inc., as a family representative. Resner was paid a salary each month.

28. During Resner's employment with Spring Creek Lodge, Inc., Resner frequently worked in excess of forty (40) hours per week. Spring Creek Lodge, Inc., did not pay Resner overtime wages in violation of federal wage and hour laws.

29. Resner's duties did not meet any *bona fide* exemption from the FLSA.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

30. Plaintiffs re-allege and re-state each of the allegations contained in the preceding paragraphs 1 through 30 inclusive.

31. Plaintiffs' job activities were a part of interstate commerce within the meaning of the FLSA.

32. Spring Creek Lodge, Inc., employed Plaintiffs based on a 40-hour weekly basis at a monthly salary.

33. During Plaintiffs' respective periods of employment, the Plaintiffs performed overtime work which no additional compensation was paid.

34. Spring Creek Lodge, Inc., violated its obligations to pay overtime wages to Plaintiffs for their work in excess of forty (40) hours per week, pursuant to the FLSA.

35. Under 29 U.S.C. § 255(a), a cause of action arising out of a willful violation of the overtime provisions of the FLSA may be commenced within three (3) years after a cause of action accrues.

36. Plaintiffs were damaged because of Spring Creek Lodge, Inc.'s willful violation of the FLSA.

37. Spring Creek Lodge, Inc., is liable to Plaintiffs for the amount of unpaid wages, penalties, and attorney's fees in relation to the wage claims.

## COUNT II
## VIOLATION OF THE MONTANA WAGE PROTECTION ACT

38. Plaintiffs re-allege and re-state each of the allegations contained in the preceding paragraphs 1 through 37 inclusive.

39. Spring Creek Lodge, Inc., violated its obligations to pay overtime wages to Plaintiffs for their work in excess of forty (40) hours per week, pursuant to Mont. Code Ann. § 39-3-204 ("Montana Wage Protection Act").

40. The Montana Wage Protection Act guarantees Montana's employees fair wages and overtime protections and permits employees to recover unpaid wages in the form of liquidated damages.

41. Under the Montana Wage Protection Act an employer who fails to pay an employee in accordance with Mont. Code Ann. § 39-3-201 *et. seq* may be assessed a penalty not to exceed 110% of the wages due and unpaid in addition to the full amount of wages due and unpaid.

42. Under Mont. Code Ann. § 39-3-207, an employee may recover wages and penalties for a period of two years prior to the date of the employees last employment or if the employer has engaged in repeat violations, the employee may recover wages and penalties for a period of 3 years prior to the date of the employee's last employment.

43. Spring Creek Lodge, Inc., employed Plaintiffs on a 40-hour weekly basis at a monthly salary.

//

44. During Plaintiffs' respective periods of employment, the Plaintiffs performed overtime work which no additional compensation was paid.

45. Spring Creek Lodge, Inc., violated its obligations to pay overtime wages to Plaintiffs for their work in excess of forty (40) hours per week, pursuant to the Montana Wage Protection Act.

46. Plaintiffs were damaged because of Spring Creek Lodge, Inc.'s violation of the Montana Wage Protection Act.

47. Spring Creek Lodge, Inc., is liable to Plaintiffs for the amount of unpaid wages, penalties, and attorney's fees in relation to the wage claim.

## COUNT III
### DECEPTION AS TO NATURE AND CHARACTER OF EMPLOYMENT

48. Plaintiffs re-allege and re-state each of the allegations contained in the preceding paragraphs 1 through 47 inclusive.

49. Mont. Code Ann. § 39-2-303 prohibits employers from engaging in deception, misrepresentation, or false advertising concerning the character of work to be performed by a prospective employee.

50. Spring Creek Lodge, Inc., made representations to Plaintiffs regarding the character of their employment as exempt from the FLSA which Spring Creek Lodge, Inc., knew or should have known to be false.

51. Spring Creek Lodge, Inc., knew or should have known that it was misrepresenting facts which were material to Plaintiffs' consent to work for Spring Creek Lodge, Inc., for the salary promised.

52. Spring Creek Lodge, Inc., had a duty to disclose the true character of Plaintiffs' employment.

//

53. Spring Creek Lodge, Inc., had a duty not to mislead Plaintiffs regarding material facts related to the true character of Plaintiffs' employment

54. Spring Creek Lodge, Inc.'s willful or negligent failures to disclose the true character of Plaintiffs' employment were done with a profit motivation.

55. Spring Creek Lodge, Inc.'s willful or negligent failures to disclose the true character of Plaintiffs' employment were done to confuse the character of employment such that those for whose benefit certain protective statutes were enacted would be unable to determine when they were, or were not, afforded the protections which the law intended.

56. Spring Creek Lodge, Inc., intended that Plaintiffs rely upon its representations and Plaintiffs did in fact rely upon Spring Creek Lodge, Inc.'s representations to their detriment.

57. Plaintiffs' reliance on Spring Creek Lodge, Inc.'s misrepresentations and concealment was the direct and proximate cause of injury to Plaintiffs.

58. As a direct and proximate result of Spring Creek Lodge, Inc.'s misrepresentations or concealment, Plaintiffs have been damaged.

## COUNT IV
### FICTITIOUS DEFENDANTS

59. Plaintiffs re-allege and re-state each of the allegations contained in the preceding paragraphs 1 through 58 inclusive.

60. The true names, capacities, and involvement in the events which are the subject of this case John Does 1-10, inclusive are unknown to the Plaintiffs, who therefore sue said these Defendants under these fictitious names. On information and belief, Defendant Does 1-10, inclusive, (i) directly participated in or assisted in the performance of the wrongful acts and omissions described herein, although the full extent of their involvement is unknown at this time, OR (ii) conspired with the named parties in this case to perform the wrongful acts and omissions described, although the full extent of their involvement is unknown at this time, OR (iii) acted as

principals or agents, actual or ostensible, of other named parties in this case in performing the wrongful acts and omissions described, although the full extent of their involvement is unknown at this time. Plaintiffs' thus believe that Defendants John Does 1-10, inclusive, may be liable for the damages and other relief sought in this case as participants, co-conspirators, principals or agents, or are otherwise necessary or indispensable parties to adjudication of the issues involved in this case. When the true names and capacities of John Does 1-10, inclusive have been ascertained by the Plaintiffs, appropriate amendments of this Complaint will be filed. John Does 1-10 may be individuals, incorporations, or any other legal entity recognized as such under the law.

WHEREFORE, Plaintiffs pray for relief as follows:

1. Damages as permitted by law and determined by the finder of fact;
2. Liquidated damages and penalties in accordance with State and Federal law;
3. Plaintiffs' attorney's fees;
4. Plaintiffs' costs of suit; and,
5. For such other and further relief as the Court deems just and proper.

DATED this 1st day of October, 2008.

By: /s/ Elizabeth A. O'Halloran
Elizabeth A. O'Halloran
MILODRAGOVICH, DALE,
STEINBRENNER & NYGREN, P.C.
Attorneys for Plaintiffs

//
//
//
//
//

**COMPLAINT AND DEMAND FOR JURY TRIAL - Page 8**

## DEMAND FOR JURY TRIAL

COME NOW the Plaintiffs and demand a jury trial on all issues of fact in the above case.

DATED this 1st day of October, 2008.

By: /s/ Elizabeth A. O'Halloran
Elizabeth A. O'Halloran
MILODRAGOVICH, DALE,
STEINBRENNER & NYGREN, P.C.
Attorneys for Plaintiffs

11996/2(lkh)
I:\WORLDOX\DOCS\CLIENTFL\11996\002\cmp\00134764.WPD